**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02219-PAB-NRN

PETROL LOGIC LLC, a Colorado limited liability company,
RUBY CANYON DENTAL GROUP PC, a Colorado professional corporation,
DC DENTAL PLLC d/b/a FRUITA FAMILY DENTAL, a Colorado professional limited liability company, and
CRESTED OAK DENTISTRY PLLC, a Colorado professional limited liability company, individually on behalf of themselves and on behalf of all others similarly situated,

    Plaintiffs,

v.

G&A OUTSOURCING, LLC d/b/a G&A PARTNERS, a Texas limited liability company,

    Defendant.

---

**DEFENDANT G&A OUTSOURCING, LLC'S MOTION TO DISMISS COMPLAINT**

---

    Defendant G&A Outsourcing, LLC d/b/a G&A Partners ("G&A"), by and through its undersigned counsel, hereby moves this Court, pursuant to Rule 12(b)(2) & (6) of the Federal Rules of Civil Procedure for an order dismissing the Class Action Complaint ("Complaint") of plaintiffs Petrol Logic, LLC ("Petrol Logic"), Ruby Canyon Dental Group, PC ("Ruby Canyon"), DC Dental d/b/a/ Fruita Family Dental ("Fruita Family"), and Crested Oak Dentistry PLLC ("Crested Oak") (collectively, "Plaintiffs") and all causes of action stated therein. In support of this Motion, G&A states as follows:

**CERTIFICATE OF CONFERRAL**

    Pursuant to D.C.COLO.LCivR 7.1(a) and the Court's Practice Standards, counsel for G&A met and conferred by videoconference with counsel for Plaintiffs on October 11, 2022 regarding the substance of this Motion. Plaintiffs' counsel indicated as part of the meet and confer that

Plaintiffs will oppose this Motion.

## I.     INTRODUCTION

By their Complaint, Plaintiff's purport to assert common law claims for breach of contract and unjust enrichment against G&A and to package said claims in the form of a loosely tethered class action pleading. However, Plaintiffs fail to allege facts sufficient to support either claim and fail to satisfy the bare minimum standards of a class action pleading. Plaintiffs' nationwide class allegations also fail as a matter of law.

With respect to the claim for breach of contract, Plaintiffs allege that each of them had a contract with a company known as Pay Pros under which Pay Pros was to perform payroll-related services, and that G&A stepped into Pay Pros' shoes with respect to each contract via an asset acquisition and subsequently breached each contract by "over collecting" for federal and state unemployment taxes owed by Plaintiffs. However, Plaintiffs fail to allege their own performance of their contractual obligations (or a justification for any non-performance) and fail to identify any specific provision of the contracts that were breached by G&A's alleged "over collecting." Thus, they fail to state a claim for breach of contract.

With respect to the claim for unjust enrichment, Plaintiffs seek restitution of the amounts G&A allegedly "over collected" from them for federal and state unemployment taxes. However, Plaintiffs' contracts with Pay Pros, which were assigned to G&A via acquisition, cover this subject matter and specifically preclude Plaintiffs' attempt to recover on an unjust enrichment theory.

Because the Complaint fails to state any claim upon which relief may be granted, this motion should be granted, and the Complaint dismissed in its entirety.

With respect to Plaintiffs' nationwide class allegations, G&A has filed a separate motion to strike those allegations because, among other reasons, the Court lacks personal jurisdiction over G&A with respect to portions of the putative class.  To the extent that either of Plaintiffs' claims survive dismissal for failure to state a claim and the Court views the failure of Plaintiffs' class

allegations as an issue better addressed under Federal Rule of Civil Procedure 12(b)(2), the Court should dismiss Plaintiffs' class allegations for lack of personal jurisdiction.

## II.   ALLEGATIONS OF THE COMPLAINT

Plaintiffs' Complaint alleges that G&A is a human resources outsourcing company, also known as a professional employer organization ("PEO"), that functions as an external human resources department by handling payroll, employee benefits and other HR-related needs for its clients (typically small businesses). Doc. 1 ¶¶ 2, 17. The Complaint also alleges that G&A's services include collecting federal and state unemployment tax when a payroll cycle is run and forwarding amounts due to the appropriate federal and state agencies. *Id.* ¶ 3.

The Complaint further alleges that Plaintiffs were clients of a PEO known as Pay Pros and had contracts with Pay Pros under which Pay Pros was to perform payroll-related services for Plaintiffs. *Id.* ¶¶ 33, 63. Plaintiff's purport to attach Petrol Logic's contract with Pay Pros as Exhibit A to the Complaint and allege that the contracts of other Pay Pros clients were substantially similar. *Id.* ¶ 33 & Exhibit A.

Plaintiffs allege that G&A acquired Pay Pros in October 2019 and stepped into Pay Pros' shoes with respect to Pay Pros' contracts with Plaintiffs. *Id.* ¶¶ 33, 64. Plaintiffs contend that none of the Plaintiffs executed a new agreement with G&A following G&A's acquisition of Pay Pros. *Id.* ¶ 65.

According to the Complaint, shortly after G&A acquired Pay Pros, it began "overcharging" them for federal and state unemployment taxes. *Id.* ¶ 34. With respect to federal unemployment taxes, Plaintiffs allege that the Federal Unemployment Tax Act ("FUTA") imposes an employer-side payroll tax of 6% on the first $7,000 that each employee makes in a year. *Id.* ¶ 19. However, if the employer timely pays its state unemployment taxes and the state to which the employer pays such taxes is not a so-called "credit reduction" state, the Complaint alleges that the employer is entitled to a credit of 5.4% of FUTA taxable wages when IRS Form 940 is filed. *Id.* ¶ 20. Plaintiffs

allege that they paid their state unemployment taxes in full and on time to non-credit reduction states and were therefore entitled to an effective FUTA tax rate of only 0.6% on their employees' FUTA-taxable wages. *Id.* ¶¶ 21-22. According to Plaintiffs' Complaint, G&A handled this process for Plaintiffs but failed to claim the 5.4% credit on IRS Form 940 and withdrew amounts sufficient to cover the full 6% from Plaintiffs' accounts and/or continued to withdraw amounts for FUTA on wages above the $7,000 wage cap. *Id.* ¶¶ 21, 23, 43-44. On information and belief, Plaintiffs allege that G&A never remitted the excess 5.4% to the IRS and has instead pocketed those funds, considering them to be "extra fees." *Id.* ¶ 24.

With respect to state unemployment taxes, the Complaint alleges that Colorado had an unemployment tax rate of 1.7% on the first $13,600 of an employee's wages in 2020 and 2021 and North Dakota had an unemployment tax rate of 1.02% on the first $37,900 in wages paid to an employee in 2020 and on the first $38,500 in wages paid to an employee in 2021. *Id.* ¶¶ 25, 27. According to Plaintiffs' Complaint, G&A overcharged Plaintiffs for state unemployment taxes due to Colorado and North Dakota in 2020 and 2021 by (1) collecting such taxes at a rate higher than the rate actually imposed by the state and (2) continuing to collect such taxes on wages paid above the applicable wage caps. *Id.* ¶¶ 26, 28, 35-42. According to the Complaint, G&A never refunded the excess monies it collected from Plaintiffs nor remitted the excess withholdings to the IRS. *Id.* ¶¶ 28, 30.

Plaintiffs allege that G&A overcharged Petrol Logic for SUTA by $17,397.06 in 2021 and by at least $44,750 in 2020 and for FUTA by approximately $13,656 in 2021 and by at least $4,245.93 in 2020. *Id.* ¶¶ 35-44. Plaintiffs allege that G&A similarly "overcharged" Ruby Canyon, Fruita Family and Crested Oak for state and federal unemployment taxes in 2020 and 2021. *Id.* ¶¶ 45-50. Plaintiffs allege they have suffered damages in the form of overpayments to G&A and have asked for, but have not received, a full refund of such overpayments. *Id.* ¶ 52.

4

Based upon the foregoing allegations, many of which G&A dispute, each Plaintiff purports to assert causes of action against G&A for (1) breach of contract (*id.* ¶¶ 62-75) and (2) unjust enrichment (*id.* ¶¶ 76-81), and to bring these causes of action on behalf of two nationwide classes (*id.* ¶ 53).

## III.   ARGUMENT

### A.   Plaintiffs Fail to State a Claim for Breach of Contract

To state a claim for breach of contract under Colorado law, a plaintiff must sufficiently plead the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *PayoutOne v. Coral Mortg. Bankers*, 602 F. Supp. 2d 1219, 1224 (D. Colo. 2009) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). Plaintiffs here have failed to sufficiently plead the second and third of these elements.

With respect to the second element, the Complaint is devoid of any allegations that Plaintiffs performed their contracts with G&A or that would justify any nonperformance.

With respect to the third element, Plaintiffs attempt to allege that G&A breached its agreements with Plaintiffs by failing to accurately charge Plaintiffs for federal and state unemployment taxes and instead "overcharging" and "over collecting" for such taxes. Doc. 1 ¶ 72. However, the Complaint fails to identify any express provision of Plaintiffs' contracts with G&A that either limited G&A to collecting from Plaintiffs only those amounts Plaintiffs owed taxing authorities for unemployment taxes or prohibited G&A from collecting more from Plaintiffs than the amounts Plaintiffs owed for such taxes. Indeed, the Complaint tacitly admits that Plaintiffs cannot identify such a provision. *See id.* ¶ 70 ("To the extent the contract contained an express provision requiring G&A to properly calculate and bill for unemployment tax, it was breached by G&A's failure to do so."). In fact, the document attached to the complaint as Exhibit A and alleged to be Petrol Logic's contract indicates that G&A was entitled to collect an amount from Petrol

5

Logic equal to, at the very least (given that Plaintiffs appear to have redacted portions of the document), 14.02% of the gross wages Petrol Logic paid its employees, a percentage that is much larger than the percentage that Plaintiffs allege Petrol Logic owed for federal and state unemployment taxes. Doc. 1 ¶¶ 33, 35-44 & Ex. A at 2. To the extent Plaintiffs' contract claim is based upon an alleged breach of an express provision, Plaintiffs' failure to identify that provision warrants dismissal of their claim. *See Miller v. Metro. Life Ins. Co.*, 17 Civ. 7284 (AT), 2019 WL 4450637, at *5 (S.D.N.Y. Sept. 17, 2019) ("MetLife is correct that, under the law of [Colorado], a plaintiff must identify a specific provision of the contract that the defendant breached."); *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2016 WL 192270, at *12 (D. Colo. Jan. 15, 2016) ("I will dismiss Plaintiffs' breach of contract claims.... Plaintiffs' claims for breach of the insurance policies themselves fail because Plaintiffs have not identified any actual provisions of the policies or explained how Defendants breached them."); *Pernick v. Computershare Tr. Co., Inc.*, 136 F. Supp. 3d 1247, 1266 (D. Colo. 2015) ("Plaintiff fails to identify contractual provisions suggesting [defendant's alleged obligation] and, as a result, fails to state a claim for breach of contract.").

To the extent Plaintiffs' contract claim is based on an alleged breach of the implied duty of good faith and fair dealing, it fails for similar reasons. "Under Colorado law, every contract contains an implied duty of good faith and fair dealing" that "may be relied upon 'when the manner of performance under a *specific contract term* allows for discretion on the part of either party.'" *City of Golden v. Parker*, 138 P.3d 285, 292 (Colo. 2006) (quoting *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 498 (Colo. 1995)) (emphasis added). The duty "is breached when a party uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract." *ADT Sec. Servs., Inc. v. Premier Home Protection, Inc.*, 181 P.3d 288, 293 (Colo. App. 2007).

Here, Plaintiffs allege that G&A had discretion regarding the amounts that were to be deducted from Plaintiffs' accounts to cover unemployment taxes and abused that discretion by

6

collecting more than the amounts Plaintiffs contend they owed in such taxes. Doc. 1 ¶¶ 67-68. However, they do not identify the specific contract term that conferred the alleged discretion on G&A.

Moreover, the implied duty of good faith and fair dealing "cannot be used to 'contradict terms or conditions for which a party has bargained'; 'obligate a party to accept a material change in the terms of the contract'; 'assume obligations that vary or contradict the contract's express provisions'; or 'permit a party to inject substantive terms into the contract.'" *Goodrich v. Alterra Mountain Co.*, No. 20-cv-01057-RM-SKC, 2021 WL 2633326, at *7 (D. Colo. June 25, 2021) (quoting *Stokes v. DISH Network, L.L.C.*, 838 F.3d 948, 953 (8th Cir. 2016)). Nor can it be used to "establish[] new, independent rights or duties." *Id.* As noted above, Plaintiffs' contracts expressly permitted G&A to collect amounts from Plaintiffs that far exceeded the amounts Plaintiffs contend they owed to taxing authorities. Plaintiffs cannot "hijack" the implied duty to impose a limitation that is contradicted by the contract's express provisions.

Because the implied duty applies "only when the manner of performance under a *specific contract term* allows for discretion on the part of either party," *Amoco Oil Co.*, 908 P.2d at 498 (emphasis added), and Plaintiffs have pointed to no such term in their agreements with G&A, Plaintiffs' claims for the breach of the implied duty of good faith and fair dealing should be dismissed. *See Goodrich,* 2021 WL 2633326, at *7; *McKinnis v. Fitness Together Fran. Corp.*, No. 10-cv-02308-RPM, 2010 WL 5056666, at *4 (D. Colo. Dec. 6, 2010) ("The plaintiffs have not identified any specific contract term that allows for discretion on the part of the defendant. Dismissal is appropriate for that reason."); *Builder MT LLC v. Zybertech Constr. Software Servs., Ltd.,* No. 08-cv-00435-LTB, 2008 WL 4724146, at *3 (D. Colo. 2008) (claim for breach of implied covenant of good faith and fair dealing dismissed because plaintiff failed to allege a specific contract term allowing for discretion on the part of either party).

### B.      Plaintiffs Fail to State a Claim for Unjust Enrichment

"Unjust enrichment is a claim in quasi-contract for money damages based on principles of restitution." *DCB Const. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 118 (Colo. 1998). To recover under an unjust enrichment theory, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). However, "a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003).

Here, Plaintiffs' claim for unjust enrichment seeks restitution of amounts G&A allegedly "over collected" from Plaintiffs for federal and state unemployment taxes. Doc. 1 ¶¶ 76-81. However, Plaintiffs have alleged the existence of express contracts between Plaintiffs and G&A covering the same subject matter, namely, for the performance of payroll services, including the withholding and remittance of Plaintiffs' unemployment taxes. *Id.* ¶¶ 33-34, 63-64. Plaintiffs' claim for unjust enrichment is therefore precluded. *See, e.g., Greenway Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1261–62 (D. Colo. 2014) ("There was an express contract covering any claim for loss of good and services .... Therefore, an unjust enrichment claim for goods or services is precluded"); *Rossetti Assocs., Inc. v. Santa Fe 125 Denver, LLC*, No. 09–cv–0033–-WJM–BNB, 2011 WL 834177, at *7 (D. Colo. March 4, 2011) (dismissing breach of contract claim and concluding that, "because there is an enforceable contract between the two parties, the express contract precludes the unjust enrichment claim" (citing *Interbank*, 77 P.3d at 818-19)).

Because an express contract governs the relationship between each Plaintiff and G&A, Plaintiffs cannot assert a claim for unjust enrichment unless they state facts sufficient to establish one of the two recognized exceptions to the general rule that an express contract precludes a quasi-

contract claim on the same subject matter; i.e., when (1) the alleged quasi-contract "covers conduct outside the express contract or matters arising subsequent to the express contract," or (2) "the party will have no right under an enforceable contract," such as "when an express contract failed or was rescinded." *Interbank Invs*., 77 P.3d at 816 (internal quotation marks and citations omitted). Plaintiffs, however, have failed to plead facts that would allow the Court to conclude that either exception applies.

As to the first exception, the basis for Plaintiffs' unjust enrichment claim is the same as the basis for their breach of contract claim, namely, that G&A allegedly overcharged Plaintiffs for federal and state unemployment taxes. Plaintiffs do not allege that they had separate quasi-contracts or implied contracts with G&A that covered conduct outside of the scope of their express contracts with G&A or that G&A harmed them through conduct arising subsequent to the termination of their express contracts. To the exact contrary, Plaintiffs had been performing under the same contractual terms and billing practices with Pay Pros for years prior to G&A's acquisition and never once raised any issues or concerns and Plaintiffs admit those exact same contracts and terms carried forward to G&A post-acquisition.

As to the second exception, Plaintiffs allege the existence of express contracts with G&A covering the conduct at issue but fail to allege any facts that would establish these contracts are not valid and enforceable. Plaintiffs do not come within the second exception because they have a remedy under their enforceable contracts with G&A: breach of contract. The fact that Plaintiff have not plausibly plead breach of contract does not entitle them to bring an unjust enrichment claim. *See, e.g., McAuliffe v. Vail Corp.,* No. 1:20-cv-01121-RBJ, 2022 WL 3597185, at *12 (Mar. 2, 2022). The substantial weakness of their primary claim does not allow them to plead an alternative one defectively.

Indeed, it makes no difference that Plaintiffs purport to plead their unjust enrichment claim "in the alternative" to their breach of contract claim. Doc. 1 at 14. Although the Federal Rules of

9

Civil Procedure permit a plaintiff to allege inconsistent claims in the alternative, each of the alternative claims must be supported by factual allegations sufficient to "state a claim on which relief can be granted" to survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6). Here, Plaintiffs allege the existence of enforceable contracts covering the same conduct underlying their unjust enrichment claim. They do not allege any facts, alternative or otherwise, capable of supporting a conclusion that these contracts are not enforceable or do not preclude an unjust enrichment claim based on the same conduct. *See Interbank Invs.*, 77 P.3d at 817 ("Alternative pleading [] does not limit the principle that an express contract precludes an implied contract on the same subject matter."). Plaintiffs' claim for unjust enrichment should therefore be dismissed.

### C. Plaintiffs Cannot Pursue Their Claims on Behalf of Nationwide Classes

G&A has separately moved to strike the Complaint's class allegations under Federal Rules of Civil Procedure 12(f) and/or 23(d)(1)(D) because, among other reasons, the Court cannot exercise personal jurisdiction over G&A with respect to the claims of putative class members who did not reside in Colorado, enter into contracts with Pay Pros in Colorado that were subsequently assigned to GA, or pay wages subject to Colorado unemployment taxes. Given that such putative class members are not yet (and, G&A contends, will never be) parties to the action, G&A believes a motion to strike is the appropriate procedural vehicle for raising the issue with the Court. However, to the extent that the Court views the issue as being better addressed under Federal Rule of Civil Procedure 12(b)(2) and out of an abundance of caution lest it be deemed to have waived the defense of lack of personal jurisdiction with respect to the putative class members, G&A hereby moves to dismiss Plaintiffs' nationwide class allegations pursuant to Rule 12(b)(2) for the reasons set forth in its concurrently-filed Motion to Strike Class Allegations. As explained in greater detail in that motion, the Court lacks general jurisdiction over G&A because, as Plaintiffs have alleged, G&A is a Texas company with its principal place of business in Texas. Doc. 1 ¶ 13. Although the Court has specific jurisdiction with respect to the claims of Plaintiffs and any putative class

members that, like Plaintiffs, resided in Colorado, entered into contracts with Pay Pros in Colorado that were subsequently assigned to G&A, or paid wages subject to Colorado unemployment taxes for which G&A provided payroll services, it lacks such jurisdiction with respect to the claims of putative class members who did not because those claims do not arise out of G&A's Colorado-directed activities, but rather out of activities directed at other states. Thus, the Court lacks personal jurisdiction over G&A with respect to the claims of many persons encompassed by Plaintiffs' class allegations, and those allegations should be stricken or, in the alternative, dismissed.

## IV.     CONCLUSION

For the foregoing reasons, G&A respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety and without leave to amend.

Respectfully submitted this 21st day of October, 2022.

|  | JACKSON LEWIS P.C.<br><br>*s/ Ryan P. Lessmann*<br>Ryan P. Lessmann<br>950 17th Street, Suite 2600<br>Denver, Colorado 80202<br>Telephone: (303) 892-0404<br>Ryan.Lessmann@jacksonlewis.com<br><br>Drew R. Hansen<br>NOSSAMAN LLP<br>18101 Von Karman Avenue, Suite 1800<br>Irvine, California 92612<br>Telephone: (949) 477-7670<br>dhansen@nossaman.com<br><br>*Attorneys for Defendant* |
|---|---|

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of October, 2022, a true and correct copy of the foregoing **DEFENDANT G&A OUTSOURCING, LLC's MOTION TO DISMISS COMPLAINT** was filed and served via CM/ECF upon the following:

Patrick H. Peluso
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
ppeluso@woodrowpeluso.com

*Attorneys for Plaintiff*

*s/ Arianna N. Cooper*
for Jackson Lewis P.C.
