# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02219-PAB-NRN

**PETROL LOGIC LLC**, **RUBY CANYON DENTAL GROUP PC**, **DC DENTAL PLLC**, d/b/a **FRUITA FAMILY DENTAL**, and **CRESTED OAK DENTISTRY PLLC**, et al.,

Plaintiffs,

v.

**G&A OUTSOURCING, LLC**, d/b/a **G&A PARTNERS**,

Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference in this matter is set for **January 11, 2023 at 9:30 a.m.**, by telephone, before **Magistrate Judge N. Reid Neureiter,** pursuant to Rule 16 of the Federal Rules of Civil Procedure. Appearing for the parties are:

Plaintiffs Petrol Logic LLC, Ruby Canyon Dental Group PC, DC Dental PLLC, d/b/a Fruita Family Dental, and Crested Oak Dentistry PLLC (collectively "Plaintiffs") are represented by:

Patrick Peluso
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
ppeluso@woodrowpeluso.com

Defendant G&A Outsourcing LLC d/b/a G&A Partners ("Defendant") is represented by:

Drew Robert Hansen
Seth M. Goldstein
Nossaman LLP
18101 Von Karman Avenue
Lakeshore Towers
Suite 1800
Irvine, CA 92612-0177
Phone: 949-477-7670
Phone: 949-833-7800
Fax: 949-833-7878
Email: dhansen@nossaman.com
Email: sgoldstein@nossaman.com

Ryan Paul Lessmann
Jackson Lewis PC
950 17th Street
Suite 2600
Denver, CO 80202
303-892-0404
Fax: 303-892-5575
Email: Ryan.Lessmann@jacksonlewis.com

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff**: This case is an alleged class action for wide-scale breach of contract. Plaintiffs, on behalf of themselves and all others similarly situated, allege that Defendant breached the covenant of good faith and fair dealing by failing to accurately calculate federal and state unemployment taxes to be deducted from Plaintiffs' payroll amounts, thereby abusing discretion afforded to G&A by the contracts, overcharging clients by tens of thousands of dollars, and keeping such overcharged amounts for itself. In the alternative, Plaintiffs plead a claim for unjust enrichment for the recovery of overcharged sums in the

event relief is unavailable under an enforceable contract. In addition to seeking the overcharged sums, Plaintiffs seek injunctive and declaratory relief to the extent allowed by law in order to prevent Defendant from continuing or resuming its pattern of overcharging.

b. **Defendant**: The four Plaintiffs entered into contracts with a third party under which the third party agreed to provide Plaintiffs with an array of payroll-related and outsourced human resource services, including, but not limited to, the withholding and remittance of any unemployment taxes Plaintiffs owed to taxing authorities on the wages they paid their employees. In exchange for these services, Plaintiffs agreed to pay the third party an amount equal to a percentage of the gross wages Plaintiffs paid to their employees. Defendant subsequently acquired Plaintiffs' agreements from the third party through an asset purchase agreement. Since its acquisition of Plaintiffs' contracts, Defendant has performed all of its obligations under the contracts. It denies that it has breached Plaintiffs' contracts in any way and/or that it has been unjustly enriched at Plaintiffs' expense. It also denies the existence of the alleged classes that Plaintiffs purport to represent and/or that Plaintiffs may represent the alleged classes.

## 4. UNDISPUTED FACTS

The parties will make a good-faith attempt to determine which facts are not in dispute at the appropriate juncture, but have not yet reached any agreement on the subject at this point in time.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff:** Plaintiffs, on behalf of themselves and all others similarly situated, seek an

    award of actual damages to be proven at trial, to be paid into a common fund for the benefit of Plaintiffs and the Class. Plaintiffs also seek an award of pre- and post-judgment interest and attorneys' fees and costs to be paid out of the common fund or as otherwise permitted by law.

b. **Defendant**: Defendant denies that Plaintiffs (or any member of the alleged classes) have been damaged in any way or are entitled to any award of damages or any relief whatsoever.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:** The parties' 26(f) conference was held by telephone on December 6, 2022. Plaintiff was represented by Patrick Peluso of Woodrow & Peluso, LLC and Defendant was represented by Drew Hansen and Seth Goldstein of Nossaman LLP.

b. **Date of Scheduling Conference**: January 11, 2023.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:** February 8, 2023.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** The parties agree to exchange initial disclosures on or before February 8, 2023.

e. **Statement concerning any agreements to conduct informal discovery:** The parties have not reached any agreements regarding informal discovery but, as explained below, are committed to working cooperatively to reduce discovery and litigation costs where possible.

f. **Statement concerning any other agreements or procedures to reduce discovery and other

4

      **litigation costs, including the use of a unified exhibit numbering system:** The parties commit to working cooperatively to reduce discovery and litigation costs where possible, including through the use of a unified exhibit numbering system.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:** Counsel for the parties discussed the potential ESI implicated in this case. The Parties are committed to working together to reduce the costs of ESI discovery.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.** Although the prospects for settlement are unknown at this time, the parties are willing to engage in good faith discussions regarding the potential for settlement.

### 7. CONSENT

All parties do not consent to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** The parties do not request any modifications to the Federal Rules of Civil Procedure regarding the number of interrogatories. As for the number of depositions, the parties do not at this time request any modifications to the presumptive number allowed by the Federal Rules of Civil Procedure. However, given that (1) this action is a putative class action; (2) there are four named plaintiffs, each of which is a corporate entity; (3) it may be necessary to take discovery from the third-party entity or entities with whom Plaintiffs originally

5

   contracted and the employees of such entity or entities; and (4) other reasons may justify additional discovery beyond the presumptive limit set by the Federal Rules of Civil Procedure, Defendant anticipates that it may need more than ten depositions and thus reserves the right to make such a request if warranted. In such an event Defendant will first work with Plaintiffs to see if an agreement can be reached regarding an expansion of the deposition limit and Plaintiffs have promised to work with Defendant in good faith to attempt to resolve any such issue without burdening the Court. <u>Each side shall be limited to 10 depositions, excluding experts. Each plaintiff shall be limited to 20 interrogatories. Defendant shall be limited to 80 interrogatories.</u>

b. **Limitations which any party proposes on the length of depositions**: ~~Eight (8)~~ <u>Seven (7)</u> hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:** The parties agree that the Federal Rules of Civil Procedure will govern the number of requests for production and requests for admission. <u>Each plaintiff shall be limited to 20 requests for production, and 20 requests for admission. Defendant shall be limited to 80 requests for production, and 80 requests for admission.</u>

d. **Other Planning or Discovery Orders:** None.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** June 30, 2023.

b. **Discovery Cut-off**: The parties propose that discovery should proceed with respect to both class certification and merits issues for a period of approximately twelve (12) months, *i.e.*, until January 2024. At the close of this twelve (12) month period, the parties propose the following briefing schedule for Plaintiffs' Motion for Class Certification:

Discovery Cut-off: January 12, 2024

February 2, 2024          Plaintiffs' Motion for Class Certification

March 15, 2024           Defendant's Response to Plaintiffs' Motion for Class Certification

April 5, 2024              Plaintiffs' Reply in Support of Motion for Class Certification

Following the Court's ruling on Plaintiffs' Motion for Class Certification, the parties propose that the Court should hold a case management conference to establish a schedule for the remainder of the case, including the discovery cut-off for any remaining discovery, a schedule for expert disclosures, a dispositive motion deadline, and a trial date. A Case Management Conference is set for January 24, 2024 at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294.

      c.    **Dispositive and Other Motion Deadline:** The parties request that the dispositive motion date be set at the subsequent case management conference following a ruling on Plaintiffs' class certification motion.

      d.    **Expert Witness Disclosure:**

Experts Anticipated:

      i. Plaintiff: Plaintiff anticipates that expert testimony regarding damages may be necessary.

      ii. Defendant: Defendant anticipates that it will designate experts to rebut any expert testimony offered by Plaintiffs.

2. **Limitations which the parties propose on the use or number of expert witnesses:** three (3) per side.

3. **The parties shall designate all experts and provide opposing counsel and any**

7

      **pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)** The parties propose that the schedule for expert disclosures be set after the Court's ruling on Plaintiffs' anticipated motion for class certification.

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:** The parties propose that the schedule for expert disclosures be set after the Court's ruling on Plaintiffs' anticipated motion for class certification.

    e. **Identification of Persons to Be Deposed:**

Plaintiffs: Plaintiffs anticipate the need to conduct a Rule 30(b)(6) deposition, the deposition of any experts disclosed by Defendant, and the deposition of other third-parties that may be identified. Plaintiffs reserve the right to identify more individuals as discovery progresses.

Defendant: Defendant anticipates the need to depose Rule 30(b)(6) witnesses from each of the four named Plaintiffs, additional witnesses from each of the four named Plaintiffs, witnesses from members of the alleges putative classes, witnesses from the third party with whom each of the Plaintiffs originally contracted and any experts designated by Plaintiffs. Defendant reserves the right to identify more individuals as discovery progresses.

    f. **Deadline for Interrogatories:** The parties propose that the discovery cut-off be set after the Court rules on Plaintiffs' anticipated motion for class certification.

    g. **Deadline for Requests for Production of Documents and/or Admissions**: The parties propose that the discovery cut-off be set after the Court rules on Plaintiffs' anticipated motion for class certification.

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held in this case at the following dates and times:**

The parties request that no status conferences be set at this time.  The parties instead propose that a status conference be scheduled once the Court rules upon Plaintiffs' contemplated motion for class certification. A Telephonic Status Conference is set for September 13, 2023 at 10:30 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203. Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398-2342, Access Code 5755390# to participate.

**b. A final pretrial conference will be held in this case on:** The parties respectfully request that no pretrial conference be set at this time.  The parties instead propose that a final pretrial conference can be scheduled at the status conference that takes place after the Court rules upon Plaintiffs' contemplated motion for class certification. A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 10. OTHER SCHEDULING MATTERS

a.      **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:** None.

b.      **Anticipated length of trial and whether trial is to the court or jury:** The parties cannot appropriately estimate the length of the trial at this point in time, as they do not know whether this case will proceed as a putative class action or be limited to the claims of the four named Plaintiffs. The parties respectfully submit that a trial estimate would be more meaningful once a ruling on class certification is rendered.  If this case is limited to the claims of just the four Plaintiffs, the parties anticipate that a trial in this case would last approximately 10 days with more time needed (e.g., six weeks or more) if any class were to be certified.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439: None.

## 11. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 12. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 11th day of January ~~2022~~ 2023.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge