IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02219-PAB-SBP

PETROL LOGIC LLC, a Colorado limited liability company,
RUBY CANYON DENTAL GROUP PC, a Colorado professional corporation,
DC DENTAL PLLC d/b/a FRUITA FAMILY DENTAL, a Colorado professional limited liability company, and
CRESTED OAK DENTISTRY PLLC, a Colorado professional limited liability company, individually on behalf of themselves and on behalf of all others similarly situated,

    Plaintiffs,

v.

G&A OUTSOURCING, LLC, d/b/a G&A PARTNERS, a Texas limited liability company,

    Defendant.

_____

# ORDER
_____

This matter comes before the Court on Defendant G&A Outsourcing, LLC's Motion to Dismiss Complaint [Docket No. 7] and Defendant G&A Outsourcing, LLC's Motion to Strike Class Action Allegations [Docket No. 8]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.    BACKGROUND[1]

Defendant G&A Outsourcing, LLC ("G&A") is an outsourcing company that functions as an external human resources department by handling payroll, employee benefits, and other human resources ("HR") needs for its clients. Docket No. 1 at 2, ¶ 2. G&A's services include collecting federal and state unemployment taxes during a

---

[1] The following facts are taken from plaintiffs' complaint, Docket No. 1, and are presumed to be true for the purpose of ruling on defendant's motion to dismiss. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

payroll cycle and forwarding amounts due to the appropriate federal and state agencies. *Id*., ¶ 3.  Named plaintiffs Petrol Logic, LLC; Ruby Canyon Dental Group, PC; DC Dental PLLC; and Crested Oak Dentistry PLLC (collectively "plaintiffs") are all current or former clients of G&A.  *Id*., ¶ 2.

Plaintiffs were previously clients of an HR outsourcing company called Pay Pros and plaintiffs had contracts with Pay Pros for payroll-related services.  *Id*. at 6-7, 13, ¶¶ 33, 63.  In October 2019, G&A acquired Pay Pros and assumed Pay Pro's contracts with plaintiffs.  *Id*. at 6-7, 13, ¶¶ 33, 64.  Plaintiffs did not execute new agreements with G&A following G&A's acquisition of Pay Pros.  *Id*. at 13, ¶ 65.  G&A had discretion regarding the amount of money to withdraw from plaintiffs' accounts to cover state and federal unemployment taxes.  *Id*., ¶ 68.

Shortly after plaintiffs' accounts were transferred to G&A, plaintiffs allege that G&A began overcharging plaintiffs for federal and state unemployment taxes.  *Id*. at 7, ¶ 34.  Plaintiffs allege that G&A withdraws more than the "limits" set for federal and state unemployment taxes, "seriously overbilling its clients in the process."  *Id*. at 2, ¶ 4.  The Federal Unemployment Tax Act ("FUTA") imposes an employer-side payroll tax of 6% of the first $7,000 that each employee makes a year.  *Id*. at 5, ¶ 19.  Employers are entitled to a credit of 5.4% of the FUTA taxable wages if the employer timely pays the state unemployment taxes.  *Id*., ¶ 20.  Plaintiffs paid their state unemployment taxes on time.  *Id*., ¶ 21.  G&A withdrew funds from plaintiffs' accounts to cover the 6% FUTA tax, but G&A did not claim the 5.4% credit on plaintiffs' tax forms.  *Id*., ¶ 23.  G&A never remitted the excess 5.4% to the Internal Revenue Service ("IRS") and instead "pocketed those funds."  *Id*., ¶ 24.  Regarding state taxes, G&A overcharged plaintiffs by collecting

2

taxes at higher rates than the rates imposed by the states of Colorado and North Dakota and by continuing to collect taxes on wages above the wage limit. *Id*. at 5-8, ¶¶ 26, 28, 35-42. G&A has overbilled plaintiffs and the proposed class members by millions of dollars. *Id*. at 6, ¶ 29. G&A has refused to refund the overpayments to plaintiffs. *Id*. at 6, 9, ¶¶ 30, 52.

On August 29, 2022, plaintiffs filed a complaint on behalf of themselves and two proposed nationwide classes, asserting a claim for breach of contract and alternatively a claim for unjust enrichment. Docket No. 1. On October 21, 2022, G&A filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and a motion to strike the class action allegations pursuant to Fed. R. Civ. P. 12(f) and 23(d)(1)(D). Docket Nos. 7, 8. Plaintiffs filed a combined response to both motions. Docket No. 10. G&A filed replies. Docket Nos. 13, 14.

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting

*Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.   ANALYSIS

#### A. Breach of Contract Claim

To state a claim for breach of contract under Colorado law, a plaintiff must sufficiently plead the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.  *W. Distrib. Co. v.*

*Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). G&A argues that plaintiffs failed to sufficiently plead the second and third elements of this claim. Docket No. 7 at 5.

The Court first considers whether plaintiffs have plausibly alleged the second element. G&A argues that the complaint is devoid of any allegations that plaintiffs performed their contracts with G&A or any allegations justifying plaintiffs' nonperformance. *Id*. In their response, plaintiffs fail to address this argument. *See generally* Docket No. 10. The Court agrees with G&A that the complaint provides no allegations that plaintiffs performed their obligations under the contracts or that plaintiffs' nonperformance was justified. *See generally* Docket No. 1. Because plaintiffs have failed to plausibly allege the second element of the breach of contract claim, the Court grants G&A's motion to dismiss this claim. *See Bryson*, 534 F.3d at 1286 (alterations omitted) (discussing how "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory"); *Carraway v. State Farm Fire & Cas. Ins. Co.*, No. 21-cv-03201-PAB-SKC, 2022 WL 4467035, at *3-4 (D. Colo. Sept. 26, 2022) (dismissing breach of contract claim for failure to allege second and third elements), *aff'd in part, vacated in part*, *Carraway v. State Farm Fire & Cas. Ins. Co.*, 2023 WL 5374393 (10th Cir. Aug. 22, 2023); *cf. Congo Works, LLC v. Gray & Co.*, No. 19-cv-00302-REB-KMT, 2019 WL 13036098, at *3 (D. Colo. Oct. 17, 2019) (internal quotations, brackets, and citation omitted) (finding allegation that plaintiff "performed under the Agreement by successfully brokering a sale of Defendant's intellectual property" sufficient to establish

the second element).[2]  The Court finds that plaintiffs could cure this defect through an amendment to the pleading.  Therefore, the Court will dismiss the breach of contract claim without prejudice, with leave to amend the complaint.

### B. Unjust Enrichment Claim

To state a claim for unjust enrichment, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *United Water & Sanitation Dist. v. Geo-Con, Inc.*, 488 F. Supp. 3d 1052, 1058 (D. Colo. 2020) (quoting *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008)).  "In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract." *Interbank Invs., LLC v. Eagle River Water & Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003); *see also W. Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 120 (10th Cir. 2011) (unpublished).  Colorado courts recognize two exceptions to this general rule.  "First, a party can recover on a quasi-contract when the implied-in-law contract covers conduct outside the express contract or matters arising subsequent to the express contract.  Second, a party can recover on a quasi-contract when the party will have no right under an enforceable contract," such as "when an express contract failed or was rescinded." *Interbank Invs.*, 77 P.3d at 816 (citations and quotations omitted); *see also McAuliffe v. Vail Corp.*, 2023 WL 3829554, at *14 (10th Cir. June 6, 2023).

---

[2] The Court therefore will not address G&A's remaining argument that plaintiffs failed to plausibly allege the third element.  *See* Docket No. 7 at 5-7.

6

G&A argues that plaintiffs cannot state a claim for unjust enrichment because plaintiffs have alleged the existence of express contracts with G&A covering the same subject matter, namely, the performance of payroll services, including the withholding and remittance of unemployment taxes. Docket No. 7 at 8. G&A argues that plaintiffs have failed to plead any facts supporting either of the exceptions. *Id*. at 9. Plaintiffs respond that they assert the unjust enrichment claim "in the alternative." Docket No. 10 at 9. The Federal Rules of Civil Procedure permit a party to include alternative or inconsistent claims in its complaint. Fed. R. Civ. P. 8(d)(2)-(3). However, "[a]lternative pleading. . . does not limit the principle that an express contract precludes an implied contract on the same subject matter.'" *Interbank Invs.*, 77 P.3d at 817.

Plaintiffs assert the existence of express contracts with G&A for the performance of payroll-related services, such as withholding unemployment taxes. Docket No. 1 at 13, ¶¶ 63-64, 68. This express contract covers the same subject matter as the unjust enrichment claim. *See id*. at 14, ¶ 77 ("G&A overbilled Plaintiffs and the Class members. . . by both applying inflated withholding rates and by continuing to charge for unemployment tax even after the wage limits were reached."). Plaintiffs do not argue that either exception applies. *See generally* Docket No. 10. The complaint contains no facts suggesting that the unjust enrichment claim covers conduct outside the scope of the express contracts or conduct arising subsequent to the express contracts. *See generally* Docket No. 1. Plaintiffs have also failed to plead any facts suggesting that the contracts are unenforceable. *See generally id*. In fact, G&A admits that, "Plaintiffs have alleged the existence of enforceable contracts." Docket No. 13 at 5 n.2. Therefore, plaintiffs' "unjust enrichment claim does not fall into any of the exceptions recognized by

7

Colorado." *McAuliffe*, 2023 WL 3829554, at *15 (affirming district court's dismissal of unjust enrichment claim where plaintiffs failed to plead any facts suggesting that there was no contract, that the contract failed or should be rescinded, or that the claim was outside the scope of the contract); *see also Titan Mfg. Sols., Inc. v. Nat'l Cost, Inc.*, No. 19-cv-01749-WJM-SKC, 2021 WL 307509, at *7 (D. Colo. Jan. 29, 2021) (dismissing unjust enrichment claim because an express contract precluded the claim); *Pernick v. Computershare Tr. Co., Inc.*, 136 F. Supp. 3d 1247, 1268 (D. Colo. 2015) (finding that unjust enrichment claim was precluded by a contract because plaintiff never asserted that any aspect of the contract was unenforceable).[3]  The Court finds that plaintiffs could possibly cure this defect through an amendment to the pleading.  Accordingly, the Court will dismiss the unjust enrichment claim without prejudice, with leave to amend the complaint.

### C. Motion to Strike

G&A also moves to strike the class action allegations in the complaint pursuant to Fed. R. Civ. P. 12(f) and 23(d)(1)(D).  Docket No. 8.  G&A argues that the Court should strike plaintiffs' nationwide class allegations because the Court lacks personal jurisdiction over G&A for the claims of putative class members that did not reside in or pay wages in Colorado. *Id*. at 5.  G&A also argues that the Court should strike the class allegations because the members of the proposed classes are "not ascertainable by reference to objective criteria." *Id*. at 9.  G&A states that it filed this motion in the event

---

[3] Furthermore, "[t]he fact that plaintiffs have not plausibly pled breach of contract does not entitle them to an unjust enrichment claim." *McCauliffe v. Vail Corp.*, No. 20-cv-01121-RBJ, 2022 WL 3597185, at *12 (D. Colo. Mar. 2, 2022), *aff'd in part, vacated in part*, *McAuliffe*, 2023 WL 3829554 (10th Cir. June 6, 2023).

that "either of Plaintiffs' claims survive dismissal for failure to state a claim."  Docket No. 7 at 2.

Plaintiffs assert two claims in the complaint on behalf of themselves and the classes: breach of contract and unjust enrichment.  Docket No. 1 at 12-15.  Because the Court previously dismissed the breach of contract and unjust enrichment claims, the motion to strike is denied as moot.

IV. CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendant G&A Outsourcing, LLC's Motion to Dismiss Complaint [Docket No. 7] is **GRANTED**.  It is further

ORDERED that Defendant G&A Outsourcing, LLC's Motion to Strike Class Action Allegations [Docket No. 8] is **DENIED as moot**.  It is further

ORDERED that plaintiffs' claims for breach of contract and unjust enrichment are **dismissed without prejudice**.  It is further

ORDERED that plaintiffs may file an amended complaint within **14 days** of the entry of this order.  If plaintiffs do not file an amended complaint by that deadline, the Court will close this case and judgment will enter.

DATED September 12, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge